IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Eric Stokes, ) | |
| ) | |
| Petitioner, ) | Case No. 8:14-cv-04288-BHH-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden, FCI Estill, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Respondent's motion to dismiss or, in the alternative, for summary judgment. [Doc. 20.] Petitioner, proceeding pro se, is a federal prisoner seeking relief pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on October 27, 2014.[1] [Doc. 1.] On January 20, 2014, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. [Doc. 20.] On January 21, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Petitioner was advised to respond to the motion and of the possible consequences if he failed to adequately respond. [Doc. 21.] Petitioner's response in opposition was filed on February 18, 2015. [Doc. 26.]

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on October 27, 2014. [Doc. 1 at 2 (Petitioner's memorandum, signed on October 27, 2014).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion be granted and the Petition be denied.

## BACKGROUND

Currently, and at the time he filed the Petition, Petitioner is incarcerated at FCI Estill. [Doc. 1 at 1.] He was arrested by the Police Department of Lyons, Georgia on August 26, 2001, for armed robbery, aggravated assault, possession of a firearm by a convicted felon, and giving a false name. [Doc. 20-1 at 2 ¶ 4; *see id.* at 8–9, 24.] On September 30, 2002, the United States Marshals Service temporarily took Petitioner into custody via a writ of habeas corpus ad prosequendum to appear in federal court. [*Id.* at 2 ¶ 5; 14–15.] On February 4, 2003, Petitioner was sentenced to a 110-month term of federal imprisonment by the United States District Court for the Southern District of Georgia for possession of a firearm by a convicted felon. [*Id.* at 2 ¶ 6; 17–22.] On the same day, the federal writ having been satisfied, the United States Marshals Service returned Petitioner to Georgia state custody. [*Id.* at 2 ¶ 7; 14.]

On February 20, 2003, Petitioner was sentenced to a 12-year term of state imprisonment by the Superior Court of Toombs County, Georgia for possession of a firearm by a convicted felon, giving a false name, two counts of armed robbery, and two counts of aggravated assault. [*Id.* at 2–3 ¶ 8; 24–25.]

On August 23, 3013, Petitioner was released from the Georgia Department of Corrections into the exclusive custody of federal authorities for service of his 110-month term of federal imprisonment. [*Id.* at 3 ¶ 9; 27; 29.] Petitioner's federal sentence has been computed as commencing on August 23, 2013, the day he was placed in exclusive federal custody. [*Id.* at 3 ¶ 10; 31–32.] He has not received any days of jail credit for periods of

detention that occurred after the date of his federal offense that had not been credited toward any other sentence. [*Id.* at 31] He is eligible to earn 431 days of Good Conduct Time, resulting in a projected release date of August 17, 2021. [*Id.*]

Petitioner alleges that the federal authorities made a mistake in failing to recommend a nunc pro tunc designation and, accordingly, have failed to carry out the intention of the Georgia state court, which indicated that the state sentence was to run concurrent to Petitioner's federal sentence. [Doc. 1-1 at 2–9, 15–19.] Petitioner seeks a nunc pro tunc designation to receive jail credit for the time he spent in state prison; additionally, Petitioner seeks release if he is granted a nunc pro tunc designation because both of his sentences would be complete. [Doc. 1-8 at 9–10.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411,

3

417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"

4

> requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). If on a motion pursuant to Rule 12(b)(6), matters outside the pleading

are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.

**Motion for Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude

granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

Because Respondent has presented to the Court matters outside the pleadings, which the Court did not exclude, Respondent's motion to dismiss shall be treated as one for summary judgment.[2]

---

[2] The Court notes that much of the information contained in Respondent's declaration and exhibits is referenced in the Petition; however, some background information was not referenced in the Petition. Accordingly, out of an abundance of caution, the Court will treat the motion as one for summary judgment.

7

**Habeas Corpus**

> ***Generally***

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"). A petition pursuant to § 2241 challenging the execution of a federal prisoner's sentence generally addresses "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997)); *see also Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *Miller*, 871 F.2d at 490.

*Calculation of a Term of Imprisonment*

In a habeas proceeding where computation of a federal sentence is at issue, a court must consider two separate matters: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of the sentence.  *Pettey v. Sherman,* No. 05-131, 2006 WL 1878327, at *2 (W.D. Pa. July 6, 2006); *see United States v. Wilson*, 503 U.S. 329, 333–35 (1992). Federal statutes mandate when a federal sentence commences and when a petitioner can receive credit for prior custody:

> **(a) Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

## DISCUSSION[3]

---

[3] Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d

**Nunc Pro Tunc Designation**

With respect to Petitioner's challenge of the federal bureau of prison's ("BOP's") denial of his request for a nunc pro tunc designation, the Court finds that the BOP did not abuse its discretionary authority in denying Petitioner's request. Pursuant to 18 U.S.C. § 3585(a) and the BOP's policy in computing sentences, a federal sentence cannot commence prior to the date of its imposition and until the defendant is in federal custody. However, an inmate in non-federal custody may have his federal sentence commence the date it is imposed if the BOP makes a nunc pro tunc designation under 18 U.S.C. § 3621(b), which allows the non-federal facility to serve as a place for service of the federal sentence. *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990). Section 3621(b) enumerates the following factors for the BOP to consider in making a nunc pro tunc designations: (1) the resources of the non-federal facility; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2). 18 U.S.C. § 3621. While under no

---

525 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" (internal quotation marks omitted)). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Any arguments not advanced at each step of the administrative appeal are procedurally defaulted. *See Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002). Moreover, if a prisoner cannot obtain an administrative remedy because of his failure to timely appeal at the administrative level, then the prisoner has procedurally defaulted his § 2241 claim, unless the prisoner can demonstrate cause and prejudice for the failure. *See, e.g.*, *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3rd Cir. 1996), *cited with approval in Watkins v. Compton*, 126 F. App'x 621, 622 (4th Cir. 2005); *Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994). Here, Respondent acknowledges Petitioner exhausted the claims advanced in the Petition. [Doc. 20 at 3.]

obligation to grant a nunc pro tunc designation request, the BOP is to consider the language of the federal and state judgments, the state sentence data record to include jail credit, and "any other pertinent information relating to the federal and state sentences." BOP Program Statement 5160.05(9)(b)(4)(b). The BOP is afforded wide latitude in exercising its delegation authority under § 3621(b). *Barden*, 921 F.2d at 483; *Trowell v. Beeler*, No. 04-6531, 2005 WL 1181858, at *2 (4th Cir. May 19, 2005) (unpublished). Further, the BOP's decision to grant or deny a nunc pro tunc designation is subject to judicial review only for the purposes of abuse of discretion. *Barden*, 921 F.2d at 478.

Upon Petitioner's request, the BOP conducted a review to determine if it would be appropriate to grant Petitioner a nunc pro tunc designation that would allow his federal and state sentence to run concurrently. On May 17, 2012, the BOP sent correspondence to the federal sentencing court to obtain the sentencing court's opinion regarding the granting of a retroactive nunc pro tunc designation. [*Id.* at 6 ¶ 20; 39–40.] The BOP ordinarily gives a sentencing court 60 days to respond to a request for a nunc ro tunc designation; however, the sentencing court never responded to the request. [*Id.* at 6 ¶ 21.] Accordingly, on July 17, 2012, the BOP denied Petitioner's request for a retroactive nunc pro tunc designation "[b]ased on a review of all factors under 18 U.S.C. 3621(b)." [*Id.* at 6 ¶ 21; 42.] The BOP considered the relevant factors in issuing its decision; thus, the BOP did not abuse its discretionary authority in this case.

Additionally, Petitioner's argument that the state court ordered the sentences to run concurrently is without merit. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The Federal Judgment and Commitment Order was silent as to how the federal

sentence was to run with the yet-to-be-imposed state sentence. [Doc. 20-1 at 2 ¶ 6.] Although the state court ordered the sentences to run concurrently, a state court's judgment does not create an entitlement to concurrent state and federal sentences. *See Barden*, 921 F.2d at 478 n.4 ("We recognize that neither the federal courts nor the [BOP] are bound in any way by the state Court's direction that the state and federal sentences run concurrently."). While the state sentencing court may have desired its sentence to run concurrently with the federal sentence, it did not have any authority to commence Petitioner's uncommenced federal sentence. *See* 18 U.S.C. § 3585(a); *see also Meagher v. Clark*, 943 F.2d 1277, 1282 (11th Cir. 1991) (holding an inmate could not receive credit on his federal sentence for prior time served on a state sentence, even though the state plea agreement provided that the state and federal sentences would be concurrent); *Hawley v. United States*, 898 F.2d 1513, 1514 (11th Cir. 1990) (holding that absent federal involvement in the state's plea bargain, federal courts are not bound by the state court's intentions and are free to use their own discretion in applying federal law to determine the conditions of the prisoner's federal sentence); *Saulsbury v. United States*, 591 F.2d 1028, 1035 (5th Cir. 1979) (holding that there can be no interference with federal discretion in sentencing and incarceration unless the federal government has implicated itself directly or indirectly in a state plea bargaining process). The only proper way for the state court to have effectuated such an intent would have been to release Petitioner to federal custody immediately at the time of sentencing. In this instance, the state retained custody of Petitioner, and did not release him to federal authorities until August 23, 2013. Therefore, the Court concludes that Respondent's motion for summary judgment should be granted and the Petition should be dismissed because Petitioner has received all of the prior

custody credit toward his federal sentence to which he is lawfully entitled, and his federal sentence has been computed correctly in accordance with applicable law.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

<u>S/Jacquelyn D. Austin</u>
United States Magistrate Judge

July 30, 2015
Greenville, South Carolina